ORLANDO R. MÉNDEZ, demandante y apelante, *v.* LA COMISIÓN DE SERVICIO CIVIL DE PUERTO RICO, compuesta de F. HILERA, JOSÉ M. VICENTE y E. IGARAVÍDEZ, demandada y apelada.

No. 6087.—*Sometido:* Mayo 4, 1932. *Resuelto:* Mayo 19, 1933.

*H. B. Llenza,* abogado del apelante; *Hon. Procurador General Charles E. Winter* y *F. Janer, Subprocurador,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Méndez, un ingeniero civil graduado de la Universidad de Michigan y autorizado para ejercer su profesión en la isla de Puerto Rico, acudió a la corte de distrito en solicitud de un auto de *mandamus* para que se obligara a la Comisión de Servicio Civil a que incluyera su nombre en las listas de elegibles. La corte de distrito, después de una vista, anuló el auto alternativo originalmente expedido y declaró sin lugar la petición. La cuestión en controversia es si la Ley No. 33, aprobada el 23 de abril de 1929, Leyes de ese año, página 209, fué abrogada por la Ley No. 88 de 11 de marzo de 1931, Leyes de ese año, pág. 534.

De conformidad con los términos de la Ley No. 83 de 23 de julio de 1921, Leyes de ese año, página 728, a todos los miembros de ciertos oficios y profesiones que posean diplomas o títulos, que estén autorizados para ejercer sus oficios o profesiones en Puerto Rico, se les concedió el privilegio de solicitar que sus nombres fuesen incluídos por la Comisión de Servicio Civil en sus listas de elegibles para desempeñar puestos públicos. La ley de 1929 agregó los ingenieros civiles a esta clase privilegiada. La ley de 1931, titulada "Ley para crear la Comisión de Servicio Civil de Puerto Rico y delinear sus deberes y funciones; reglamentar y mejorar el servicio civil de Puerto Rico; derogar la ley de Servicio Civil aprobada en marzo 14 de 1907, según fué enmendada, y para otros fines," fué una revisión completa de la ley que regía los asuntos dentro de su esfera. Toda ley o parte de ley en controversia con la misma quedó por ella derogada. La sección 4 enumera las distintas clases de funcionarios y empleados públicos comprendidos en el servicio no clasificado, y provee que "el Gobernador de Puerto Rico podrá eximir de examen de libre oposición .... a cualquier funcionario o empleado, previa consulta a la Comisión de Servicio Civil y sujeto a la desaprobación de la Asamblea Legislativa." El inciso 8° de la sección 10 impone a la Comisión el deber de "preparar y celebrar exámenes de libre oposición con el fin de probar la relativa capacidad y aptitudes de aquellas personas aspirantes a empleos en cualquier clase de cargos en el servicio clasificado, y como resultado de dichos exámenes establecer registros de elegibles y de reposición para las distintas clases de cargos."

La ley de 1921, tal cual fué originalmente aprobada, así como cuando fué enmendada en 1929, era en sustancia y efecto una enmienda a la ley de 1907. La extensa revisión de 1931 fué intentada evidentemente como un sustituto absoluto de la ley de 1907, tal cual había sido enmendada. La autoridad conferida al Gobernador por la sección 4 abarca el mismo campo que la ley de 1929. Es más amplia en su al-

cance que la ley de 1929, toda vez que la supuesta exención no se limita a las clases enumeradas en dicha ley. Fuera de ésta, la única diferencia práctica es que en vez de conferir a ciertas clases privilegiadas el derecho absoluto a figurar en las listas de elegibles sin someterse a un examen de oposición, la cuestión relativa a la exención de tal examen en determinado caso se deja a la discreción del Gobernador, sujeto a la desaprobación de la Asamblea Legislativa. Si además de esta excepción a la regla general hubiese sido la intención de la Legislatura que continuara en vigor la ley de 1929, se hallarían indicios de dicha intención en la ley de 1931. En ausencia de cualquier salvedad u otra referencia a la ley de 1929, no podemos decir que la corte de distrito cometiera error al resolver que aquélla quedó derogada por la ley posterior.

*Debe confirmarse la sentencia apelada.*